Name _In Pro Per_

Address _____

_____

Telephone _____ (FAX) _____

Email Address _____

☐ Attorney for Debtor

State Bar No. _____

☒ Debtor in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

**FILED**
FEB 11 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| **CENTRAL** List all names (including trade names) used by the debtor within the last 8 years: _Meekins, Zak M_ | **CALIFORNIA** Chapter 13 Case No.: _8:09-bk-10335-TA_ <br><br> **CHAPTER 13 PLAN** <br><br> CREDITORS' MEETING: <br> Date: _02/19/2009_ <br> Time: _4:00pm_ <br> Place: _411 W Fourth St., Room 1-154, Santa Ana, CA 92701_ <br> CONFIRMATION HEARING: <br> Date: _03/24/2009_ <br> Time: _1:30pm_ <br> Place: _411 W Fourth St., Crtrm 5B, Santa Ana, CA 92701_ |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

Chapter 13 Plan (Rev. 11/06) - Page 2                                    2006 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE**

   The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

   A. Payments by Debtor of $ _953.98_ per month for _60_ months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ _57,238.77_ which is estimated to pay _7.00_% of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| NONE | | | |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: _NONE_
      (specify property or indicate none)

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
   Except as otherwise provided in the Plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

   A. ORDER OF PAYMENTS:

      1. If there are Domestic Support Obligations, the order of priority shall be:

         (a). Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

         (b). Administrative expenses (Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full;

---

Chapter 13 Plan (Rev. 11/06) - Page 3                                                      2006 USBC, Central District of California

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses ( Class 1(a)) in an amount not exceeding _10.00_ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

**CLASS 1**
**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $0.00 | | $0.00 | 12 | $0.00 |
| (3) Chapter 7 Trustee's Fees (Specify Trustee Name) *NONE* | | | | | |
| (4) Other *NONE* | | | | | |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | *NONE* | | | | |
| (2) Franchise Tax Board | *NONE* | | | | |
| (3) Domestic Support Obligation | *NONE* | | | | |
| (4) Other *NONE* | | | | | |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| *NONE* | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                                                      F 3015-1.1

Chapter 13 Plan (Rev. 11/06) - Page 4   2006 USBC, Central District of California

## CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE
ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE**

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

| _Bank of America Mortgage_ | _5110_ |
|---|---|
| (name of creditor) | (last 4 digits of account number) |

| _Bank of America Mortgage_ | _5298_ |
|---|---|
| (name of creditor) | (last 4 digits of account number) |

| _Countrywide Home Loans_ | _1565_ |
|---|---|
| (name of creditor) | (last 4 digits of account number) |

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Countrywide Home Loans | 1565 | $24,200.00 | 12.00% | $599.10 | 52 | $31,152.99 |
| Orange County Treasurer | 3229 | $6,373.56 | 18.00% | $177.39 | 52 | $9,224.51 |
| Orange County Treasurer | 7213 | $2,868.32 | 18.00% | $79.83 | 52 | $4,151.35 |

Chapter 13 Plan (Rev. 11/06) - Page 5     2006 USBC, Central District of California

## CLASS 3
### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |

## CLASS 4
### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

NONE
(name of creditor)            (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| NONE | | | | | | |

## CLASS 5
### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $ _96,359.25_    .

Class 5 claims will be paid as follows:

(Check one box only.)
☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

Treatment of claim and justification for separate unsecured classes:

Chapter 13 Plan (Rev. 11/06) - Page 6　　　　　　　　　　　　　　　　　　　　　　　　　　2006 USBC, Central District of California

Treatment of claim and justification for separate unsecured classes:

*Motion to Avoid Lien will be filed*

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ _445,000.00_ which is estimated to pay _62.00_ % of the scheduled nonpriority unsecured debt.

### IV. PLAN ANALYSIS

|  |  |
|---|---|
| CLASS 1a | $0.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $44,528.85 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $6,986.05 |
| SUB-TOTAL | $51,514.90 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $5,723.88 |
| TOTAL PAYMENT | $57,238.77 |

### V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.

*NONE*

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

*NONE*

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

*Chase Auto Finance, Wachovia Dealer Finance, Orange County Treasurer, Orange County Treasurer*

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

*NONE*

Chapter 13 Plan (Rev. 11/06) - Page 7                                                    2006 USBC, Central District of California

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)

   *Debtor will be filing in motion to revalue collateral on 2nd residence pursuant to 9th Circuit Supreme Court decision.*

   *Addendum to Chapter 13 Plan (F 3015-1.1A) is attached*

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: _02/10/2009_

Attorney for Debtor

Debtor

Joint debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
Revised November 2006                                                                                       F 3015-1.1

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| *In Pro Per* <br><br> Phone:    Fax: <br> Email:    Bar #: <br> ☒ Individual appearing without counsel <br> ☐ Attorney for: | |
| In re    **UNITED STATES BANKRUPTCY COURT** <br>    **CENTRAL DISTRICT OF CALIFORNIA** <br> *Meekins, Zak M* <br><br><br><br><br> Debtor(s). | CHAPTER 13 <br><br> CASE NO. <br> *8:09-bk-10335-TA* |

# Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principle Residence

(A) **Scope: Consumer Debts Secured by a Mortgage on Real Property, or Secured by Manufactured Housing that the Debtor Occupies as the Debtor's Principle Residence**

(1) For purposes of this Addendum, which is incorporated into the debtor's chapter 13 plan (the "Plan"), the term "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing, which real property or manufactured housing constitutes the debtor's principle residence. The provisions of this Addendum are effective until the earlier of: (a) dismissal of the case; (b) the closing of the case; (c) entry of an order granting the debtor a discharge; and (d) entry of an order terminating the automatic stay under 11 U.S.C. § 362(d) as the stay applies to the Mortgage Creditor.

(2) Except as provided in paragraphs (3) and (4) below, if the Mortgage Creditor provided monthly statements to the debtor pre-petition, the Mortgage Creditor must provide monthly statements to the debtor. The monthly statements must contain at least the following information concerning post-petition mortgage payments to be made outside the Plan:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2008    F 3015-1.1A

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - Page 2 of 5

| In re | *Meekins, Zak M* | CHAPTER 13 |
| | | CASE NUMBER 8:09-bk-10335-TA |
| | Debtor(s) | |

    (a)    The date of the statement and the date the next payment is due;

    (b)    The amount of the current monthly payment;

    (c)    The portion of the payment attributable to escrow, if any;

    (d)    The post-petition amount past due, if any, and from what date;

    (e)    Any outstanding post-petition late charges;

    (f)    The amount and date of receipt of all payments received since the date of the last statement

    (g)    A telephone number and contact information that the debtor or the debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

    (h)    The proper payment address.

(3)    No monthly statement will be required in this care where post-petition mortgage payments are to be made to the chapter 13 trustee through the Plan, unless the amount of the monthly payment is scheduled to change (because of adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees). If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(4)    If, pre-petition, the Mortgage Creditor provided the debtor with "coupon books" or some other pre-printed, bundled evidence of payments due, the Mortgage Creditor is not required to provide monthly statements under subsection (2) of this section. However, the Mortgage Creditor must supply the debtor with additional coupon books as needed or requested in writing by the debtor. If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(5)    The Mortgage Creditor must provide the following information to the debtor upon the reasonable written request of the debtor:

    (a)    The principle balance of the loan;

    (b)    The original maturity date;

    (c)    The current interest rate;

March 2008

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 3015-1.1A

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - Page 3 of 5

| In re | *Meekins, Zak M* | CHAPTER 13 |
| | | CASE NUMBER  8:09-bk-10335-TA |
| | Debtor(s) | |

(d)  The current escrow balance, if any;

(e)  The interest paid year to date; and

(f)  The property taxes paid year to date, if any.

(6)  The Mortgage Creditor must provide the following information to the debtor, the debtor's attorney and, when the debtor is making ongoing mortgage or arrearage payments through the chapter 13 trustee, the chapter 13 trustee, at least quarterly, and upon reasonable written request of the debtor or the chapter 13 trustee: (a) any other amounts due or proposed change in payments arising from an adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees; (b) the nature of the expense or charge; and (c) the date of the payment.

(7)  If the secured customer debt payable to the Mortgage Creditor is not modified by or paid through the Plan and the Mortgage Creditor believes the debtor to be in default, the Mortgage Creditor must send a letter alleging such default to the debtor and the debtor's attorney upon any perceived or actual default by the debtor and before taking any steps to modify the automatic stay.

(B)  **Form of Communication; Modification of the Automatic Stay; and Motions for Order to Show Cause**

(1)  For the purposes of this Addendum, Mortgage Creditors will be considered to have sent the requisite documents or monthly statements to the debtor or the debtor's attorney, as applicable, when the Mortgage Creditor has placed the required document in any form of communication, which in the usual course would result in the debtor and the debtor's attorney receiving the document, to the address that the debtor and the debtor's attorney last provided to the Court. The form of communication may include, but is not limited to, electronic communication, United States Postal Service or use of a similar commercial communications carrier.

(2)  To the extent that the automatic stay arising in this case would otherwise prohibit such conduct, the automatic stay is modified as follows: Mortgage Creditors who provide account information or monthly statements under subsections (A)(1-6) above will not be found to have violated the automatic stay by doing so, and Mortgage Creditors may contact the debtor about the status of insurance coverage on property that is collateral for the Mortgage Creditor's claim, may respond to inquiries and requests for information about the account from the debtor and may send the debtor statements, payment coupons, or other correspondence that the Mortgage Creditor sends to its non- debtor customers, without violating the automatic stay <u>In order for communication to be protected under this provision, the communication must indicate it is provided for information purposes and does not constitute demand for payment.</u>

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2008

F 3015-1.1A

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - Page 4 of 5

| In re | Meekins, Zak M | CHAPTER 13 |
| --- | --- | --- |
| | Debtor(s) | CASE NUMBER 8:09-bk-10335-TA |

(3) As a result of a Mortgage Creditor's alleged non-compliance with this Addendum, the debtor may file a Motion for Order to Show Cause in compliance with Local Bankruptcy Rule 9020-1 no earlier than sixty days after the Mortgage Creditor's failure to comply with sections (A) or (B). Before filing the motion, the debtor must take good faith attempts in writing to contact the Mortgage Creditor and determine the cause of any non-compliance, and must indicate in the Motion for Order to Show Cause the good faith steps taken, together with a summary description of any response provided by the Mortgage Creditor.

(4) If a Mortgage Creditor's regular billing system can provide a statement to the debtor that substantially complies with this Addendum, but does not fully conform to all of its requirements, the Mortgage Creditor may request that the debtor accept such statement. If the debtor declines to accept the non-conforming statement, a Mortgage Creditor may file a motion, on notice to the debtor, the debtor's attorney and the chapter 13 trustee, seeking a declaration of the Court that cause exists to allow such non-conforming statements to satisfy the Mortgage Creditor's obligations under this Addendum. For good cause shown, the Court may grant a waiver for the purposes of this case and for either a limited or unlimited period of time.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2008

F 3015-1.1A

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - Page 5 of 5

| In re  *Meekins, Zak M* | CHAPTER 13 |
|---|---|
| Debtor(s) | CASE NUMBER  *8:09-bk-10335-TA* |

# Instructions for Attaching

## Addendum to Chapter 13 Plan Concerning Debtors who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

This optional addendum concerns chapter 13 debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence.

A chapter 13 debtor may attach this addendum to his/her chapter 13 plan. This is a court-approved form and may not be altered, except for interlineations clearly marked on the court-approved form which are subject to the Court's review and approval upon consideration of the plan for confirmation. When attaching this form to the chapter 13 plan form (F 3015-1.1), the debtor must indicate in section V.F. (Page 6 or 7) of the chapter 13 plan form that the "Addendum to Chapter 13 Plan (F 3015-1.1A) is attached."

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*

F 3015-1.1A

## SUMMARY OF CHAPTER 13 PLAN

Debtor: **Meekins, Zak M**

### Creditors' Claims

| | |
|---|---|
| Secured Claims per Schedule D: | $ 1,201,098.22 |
| Less Unsecured Portions: | $ 242,060.22 |
| Less Avoided Liens: | $ 445,000.00 |
| Net Secured Claims: | $ 514,038.00 |
| | |
| Priority Claims per Schedule E: | $ 0.00 |
| Less Non-priority Portions: | $ 0.00 |
| Net Priority Claims: | $ 0.00 |
| | |
| Unsecured Claims per Schedule F: | $ 33,862.25 |
| + Unsecured Portions from Schedule D: | $ 242,060.22 |
| + Avoided Liens: | $ 445,000.00 |
| + Non-Priority Portions from Schedule E: | $ 0.00 |
| Total Unsecured Claims: | $ 720,922.47 |

### Debtor's Assets

| | |
|---|---|
| Market Value of Property: | $ 900,775.50 |
| Less Fully Secured Liens: | $ 514,038.00 |
| Debtor's Equity: | $ 17,737.50 |
| Less Exempted Amounts: | $ 17,737.50 |
| Available to Creditors: | $ 0.00 |

### Outcome under Chapter 7

| | |
|---|---|
| Available to Creditors: | $ 0.00 |
| Less Administrative Fees: | $ 0.00 |
| Less Payments to Priority Claims: | $ 0.00 |
| Available for Payment to General Unsecured: | $ 445,000.00 |
| | |
| Total General Unsecured Claims: | $ 720,922.47 |
| Percent Distribution: | 62.00% |

### Outcome under Proposed Plan

| | |
|---|---|
| Monthly Payments: | $ 57,238.80 |
| + Other Payments: | $ |
| Total Payments: | $ 57,238.80 |
| Less Trustee Fee: | $ 5,723.88 |
| Less Outstanding Attorney Fee: | $ 0.00 |
| Available to Creditors: | $ 51,514.92 |
| | |
| Payments to Priority Claims: | $ 0.00 |
| Payments to Secured Claims: | $ 0.00 |
| Payments to Arrearages: | $ 41,528.85 |
| Payments to Special Unsecured: | $ 0.00 |
| Payments to General Unsecured: | $ 6,986.05 |

## SUMMARY OF CHAPTER 13 PLAN

| | | |
|---|---|---:|
| Total General Unsecured Claims: | $ | 96,359.25 |
| Percent Distribution: | | 7.00% |

# UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

In re *Meekins, Zak M*

Case No. *8:09-bk-10335-TA*
Chapter *13*

_____ / Debtor

Attorney for Debtor:  *In Pro Per*

## DETAILED REPAYMENT SCHEDULE

| CREDITOR NAME | NUMBER OF PAYMENTS | PAYMENT DATES | MONTHLY PAYMENT | TOTAL PAYMENT |
|---|---|---|---|---|
| **Class Name:** *Class 2 - Secured Mortgage Arrearage Pro Rata* | | | | |
| *Countrywide Home Loans*<br>Clm: $ 24,200.00 | 52 | Month 1-52 | $ 599.10 | $ 31,152.99 |
| *Orange County Treasurer*<br>Clm: $ 6,373.56 | 52 | Month 1-52 | $ 177.39 | $ 9,224.51 |
| *Orange County Treasurer*<br>Clm: $ 2,868.32 | 52 | Month 1-52 | $ 79.83 | $ 4,151.35 |
| | | | Total Payments to this Class: | $ 44,528.85 |

Page _1_ of _3_

**DETAILED REPAYMENT SCHEDULE for Meekins, Zak M**

| CREDITOR NAME | NUMBER OF PAYMENTS | PAYMENT DATES | MONTHLY PAYMENT | TOTAL PAYMENT |
|---|---|---|---|---|
| Class Name: *Class 5 - Unsecured Claims* | | | | |
| *Bank of America* <br> Clm: $ 7,020.74 | 8 | Month 53-60 | $ 63.63 | $ 509.00 |
| *E-Trade CLC Consumer Services* <br> Clm: $ 86,000.00 | 8 | Month 53-60 | $ 779.38 | $ 6,235.00 |
| *Wells Fargo Financial* <br> Clm: $ 3,338.51 | 8 | Month 53-60 | $ 30.26 | $ 242.04 |
| | | | Total Payments to this Class: $ | 6,986.05 |

Class Name: *Motion to Avoid Lien (not printed in plan)*

*E-Trade CLC Consumer Services*
Clm: $  86,000.00  Collateral: $  445,000.00

*\* For Payments, See*
*General Unsecured*

Class Name: *Don't Print, Don't Pay*

*ACS*
Clm: $  6,500.00

*Countrywide Home Loans*
Clm: $  0.00

*Orange County Treasurer*
Clm: $  0.00

*Sallie Mae Loan Services*
Clm: $  11,503.00

*Wachovia Education*
Clm: $  5,500.00

| | | |
|---|---|---|
| Total Payments to this Class: | $ | 0.00 |
| Attorney Fee: | $ | 0.00 |
| Fees Paid through Plan: | $ | 0.00 |
| Total Payment to all Classes: | $ | 51,514.90 |
| Trustee Fee: | $ | 5,723.88 |
| Total Payment through Plan: | $ | 57,238.77 |

(Does not include amounts paid to Direct Pay Creditors)

Page 2 of 3

**DETAILED REPAYMENT SCHEDULE for Meekins, Zak M**

| CREDITOR NAME | | NUMBER OF PAYMENTS | PAYMENT DATES | MONTHLY PAYMENT | TOTAL PAYMENT |
|---|---|---|---|---|---|
| Payments Made Directly to Creditors | | | | | |
| *Bank of America Mortgage* | | 36 | Month | *1-360* $ | $ *228,506.40* |
| Clm:$ *86,504.20* Collateral:$ | *486,678.00* | *0* | | *634.74* | |
| *Bank of America Mortgage* | | 36 | Month | *1-360* $ | $ *894,063.60* |
| Clm:$ *414,229.08* Collateral:$ | *486,678.00* | *0* | | *2,483.51* | |
| *Countrywide Home Loans* | | 36 | Month | *1-360* $ | $ *756,536.40* |
| Clm:$ *570,323.06* Collateral:$ | *445,000.00* | *0* | | *2,101.49* | |

Page __3__ of __3__

## ADJUSTMENTS TO CLAIMS

The following secured claims are greater than the fair market value of the properties that secure them. Their unsecured portions are therefore added to the list of unsecured claims in the following amounts:

| CREDITOR | CLAIM | MARKET VALUE | UNSECURED PORTION |
|---|---|---|---|
| *Countrywide Home Loans* | $ 570,323.06 | $ 445,000.00 | $ 0.00 |
| *E-Trade CLC Consumer Services* | $ 86,000.00 | $ 445,000.00 | $ 86,000.00 |
| *Orange County Treasurer* | $ 6,373.56 | $ 445,000.00 | $ 0.00 |

Total Adjustment to the Unsecured Claims :

| | |
|---|---|
| Original Total of Unsecured Claims (Schedule F) : | $ 33,862.25 |
| Unsecured Portion of Secured Claims (Schedule D) : | $ 242,060.22 |
| Secured Claims to be Avoided : | $ 445,000.00 |
| Non-priority Portion of Priority Claims (Schedule E) : | $ 0.00 |
| New Adjusted Total of Unsecured Claims : | $ 720,922.47 |

Page 1 of 1